IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50111
Conference Calendar
_____


GUADALUPE SAMPAYO,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; DAN MORALES,
Attorney General,

Respondents-Appellees.


- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-95-CV-401
- - - - - - - - - - -
December 11, 1196
Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Guadalupe Sampayo, #100237, appeals from the district
court's denial of his petition for writ of habeas corpus pursuant
to 28 U.S.C. § 2254.  Sampayo argues that his trial counsel was
ineffective for failing to obtain a timely subpoena for a co-
defendant and for failing to investigate and interview potential

_____

   [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

witnesses.  He also argues that the district court abused its discretion by failing to allow him to amend his habeas petition to present a new theory of defense.  We have carefully reviewed the record and the briefs.  Sampayo's ineffective-assistance claims fail because he has not demonstrated that the state courts' determination was the result of "an unreasonable application of clearly established Federal law, as determined by the Supreme Court[.]"  28 U.S.C. § 2254(d)(1).  Nor did the district court abuse its discretion by denying Sampayo leave to amend his petition.  See Townsend v. Sain, 372 U.S. 293, 317 (1963)(claim of factual innocence not of itself a constitutional issue upon which habeas relief may be granted), overruled on other grounds by Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992).

AFFIRMED.